IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT De SILVA, as Trustee,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL HAAS,<br><br>    Defendant. | Case No.: C12-4927 JSC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED** |

Defendant, proceeding pro se, removed this unlawful detainer action to federal court on September 21, 2012, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. (Dkt. No. 1.) Defendant also filed an application to proceed *in forma pauperis*; however, a number of questions in the application are left unanswered, including questions instructing applicants to check "Yes" or "No." (Dkt. No. 2.) Defendant is ordered to resubmit a complete application on or before October 3, 2012, and the Court will consider his application at that time.

Under 28 U.S.C. §1915, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court also has an independent obligation to determine that

it has subject matter jurisdiction over an action. United States v. Moreno-Morillo, 334 F.3d 819, 830 (9th Cir. 2003).

Defendant, as the party seeking removal to this federal court, bears the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The Court has reviewed the Notice of Removal and determined that federal question jurisdiction does not exist.

Defendant contends that the Court has removal jurisdiction of this action pursuant to 28 U.S.C. section 1331—federal question jurisdiction. In particular, he contends that the action "arises under 28 USC §1655 and 42 USC §§12181-12189. (Dkt. No. 1-1 at 2.) "Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, 2012 WL 2077311 *1 (N.D. Cal. June 8, 2012). The removed complaint, however, makes only a state law claim for unlawful detainer. (Dkt. No. 1 at 6-14.)  Therefore, this Court does not have federal question jurisdiction. *ING Bank, FSB,* 2012 WL 2077311 at *1.

The Court is also in receipt of a stipulation for entry of judgment signed by Defendant on September 21, 2012—the same day he purported to remove this action to this Court. (Dkt. No. 4.) The Notice of Removal does not even acknowledge this stipulation, let alone explain how this case presents a federal question, especially in light of the unlawful detainer judgment.

Accordingly, Defendant is ordered to show cause why this case should not be remanded to the Alameda County Superior Court and why, pursuant to 28 U.S.C. § 1447(c), he should not be required to pay Plaintiff's fees and costs based on the improper removal of this action. In particular, if Defendant believes that this Court has subject matter jurisdiction, and/or that he should not pay fees or costs, he shall file a response in writing by **October 3, 2012** that demonstrates how this Court has federal jurisdiction as alleged.

1  Failure to respond by that date may result in remand. Defendant may also discharge this
2  Order to Show Cause by withdrawing the Notice of Removal if, upon reflection, Defendant
3  no longer contends that this Court has jurisdiction.

   **IT IS SO ORDERED.**

Dated:   September 25, 2012              _____
                                         JACQUELINE SCOTT CORLEY
                                         UNITED STATES MAGISTRATE JUDGE