IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT De SILVA, as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HAAS,<br><br>Defendant. | Case No.: C12-4927 JSC<br><br>**ORDER REASSIGNING CASE AND REPORT AND RECOMMENDATION TO REMAND** |

Defendant, proceeding pro se, removed this unlawful detainer action to federal court on September 21, 2012, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. (Dkt. No. 1.) Defendant also filed an application to proceed *in forma pauperis*; however, a number of questions in the application were left unanswered, including questions instructing applicants to check "Yes" or "No." (Dkt. No. 2.) On September 25, 2012, the Court issued an Order to Show Cause as to why this case should not be remanded to the Alameda County Superior Court and why, pursuant to 28 U.S.C. § 1447(c), Defendant should not be required to pay Plaintiff's fees and costs based on the improper removal of this action. (Dkt. No. 6.) Defendant was also instructed to resubmit a completed application to proceed *in forma pauperis*.

The Order to Show Cause arose from the Court's independent obligation to determine subject matter jurisdiction over an action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). The Court reviewed Defendant's Notice of Removal and determined that federal

question jurisdiction did not exist. In short, Defendant contended that the action "arises under 28 USC §1655 and 42 USC §§12181-12189."(Dkt. No. 1-1 at 2.) "Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, 2012 WL 2077311 *1 (N.D. Cal. June 8, 2012). The removed complaint, however, made only a state law claim for unlawful detainer. (Dkt. No. 1 at 6-14.) Thus, there is no federal question jurisdiction, and the action must be remanded.

Defendant has not responded to the Court's Order to Show Cause, but on the same day the Order was issued, Defendant filed a "Notice of Voluntary Dismissal" pursuant to Federal Rule of Civil Procedure 41(a) signed by Defendant. (Dkt. No. 7.) The Court had noted that Defendant could respond to the Order by withdrawing his Notice of Removal if, upon reflection, he no longer contends that this Court has jurisdiction. (Dkt. No. 6.) It is possible Defendant intended to effectuate such a withdrawal by erroneously filing a Notice of Dismissal. Since Plaintiff did not file a request for fees or costs--and because it seems as though Defendant may have tried to comply with the Court's Order--the Court declines to award fees.

As not all parties have consented to or declined the undersigned magistrate judge's jurisdiction, the Clerk of the Court is ordered to reassign this action to a district court judge. Based on the foregoing, this Court RECOMMENDS that the newly assigned district court remand this action to Alameda County Superior Court. The Court also recommends that the application to proceed *in forma pauperis* be denied in light of Defendant's failure to properly complete and submit the required application. Any party may file objections to this report and recommendation with the district court judge within ten days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

**IT IS SO ORDERED.**

Dated:   October 24, 2012

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE