United States District Court
For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    ROBERT De SILVA, as Trustee,

10           Plaintiff,                        No. C 12-04927 JSW

11   v.

12   MCHAEL HAAS,                              **ORDER ADOPTING REPORT
                                               AND RECOMMENDATION,**
13           Defendant.                        **DENYING APPLICATION TO
                                               PROCEED *IN FORMA PAUPERIS*,**
14                                             **AND REMANDING ACTION**

15   _____/

16           On September 21, 2012, Defendant Michael Haas, proceeding *pro se*, filed a notice of

17   removal and an application to proceed *in forma pauperis*.  Without consent, on October 24,

18   2012, this matter was reassigned to the undersigned from Magistrate Judge Jacqueline Scott

19   Corley with a Report and Recommendation to deny the application to proceed *in forma*

20   *pauperis*.  The undersigned has received no objections although Defendant filed a notice of

21   voluntary dismissal.  For the reasons set forth in the remainder of this Order, the Court

22   HEREBY DENIES Defendant's application to proceed *in forma pauperis* and REMANDS this

23   action to the Alameda County Superior Court.

24           On July 10, 2012, Plaintiff filed a complaint for unlawful detainer in Alameda County

25   Superior Court against Defendant (the "State Court action").  (*See* Notice of Removal.)

26   Defendant removed the State Court action on the basis that jurisdiction is premised upon a

27   federal question.  (*See* Notice of Removal.)  "[A]ny civil action brought in a State court of

28   which the district courts of the United States have original jurisdiction, may be removed by the

1   defendant ... to the district court of the United States for the district and division embracing the

2   place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,

3   463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441.

4        However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v.*

5   *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of

6   establishing federal jurisdiction for purposes of removal is on the party seeking removal, and

7   the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*,

8   372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

9   1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in

10   the first instance." *Gaus*, 980 F.2d at 566.

11        "The presence or absence of federal-question jurisdiction is governed by the 'well-

12   pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-

13   pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or

14   she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the

15   well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint

16   establishes either that federal law creates the cause of action or that the plaintiff's right to relief

17   necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*,

18   463 U.S. 1, 27-28 (1983).

19        The State Court action is an unlawful detainer action and, thus, federal law does not

20   create the cause of action. Moreover, the Court concludes that the claim will not necessarily

21   depend upon the resolution of a substantial question of federal law, because Plaintiff need not

22   prove compliance with the federal law relied upon by Defendants to establish its claim. *See,*

23   *e.g., Grable & Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005).

24        Furthermore, a court cannot exercise removal jurisdiction on the ground that the

25   complaint gives rise to a potential or an anticipated *defense* that might raise a federal question,

26   even if the defense is the only question truly at issue in the case. *Franchise Tax Board*, 463

27   U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not*

28   be removed to federal court on the basis of a federal defense, including the defense of pre-

United States District Court
For the Northern District of California

2

1  emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties

2  concede that the federal defense is the only question truly at issue.") (emphasis in original).

3  Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter and must

4  remand to the state court.  *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782,

5  785 (9th Cir. 1992).

6         Accordingly, the Court ADOPTS the Report and Recommendation, DENIES

7  Defendant's application to proceed *in forma pauperis*, and REMANDS this case to Superior

8  Court of the State of California for the County of Alameda.  The Clerk shall transfer the file

9  forthwith.

10        **IT IS SO ORDERED.**

11

12  Dated:  November 14, 2012

13                                                    JEFFREY S. WHITE
                                                      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT DE SILVA,

            Plaintiff,

  v.

MICHAEL HAAS et al,

           Defendant.

_____/

Case Number: CV12-04927 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 14, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Haas
1437 Leimert Boulevard, Unit C
Oakland, CA 94602

Dated: November 14, 2012

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk