IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT De SILVA, as Trustee,<br><br>    Plaintiff,<br><br>  v.<br><br>MCHAEL HAAS,<br><br>    Defendant.<br>_____/ | No. C 12-04927 JSW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND REMANDING ACTION** |

On September 21, 2012, Defendant Michael Haas, proceeding *pro se*, filed a notice of removal and an application to proceed *in forma pauperis*. Without consent, on October 24, 2012, this matter was reassigned to the undersigned from Magistrate Judge Jacqueline Scott Corley with a Report and Recommendation to deny the application to proceed *in forma pauperis*. The undersigned has received no objections although Defendant filed a notice of voluntary dismissal. For the reasons set forth in the remainder of this Order, the Court HEREBY DENIES Defendant's application to proceed *in forma pauperis* and REMANDS this action to the Alameda County Superior Court.

On July 10, 2012, Plaintiff filed a complaint for unlawful detainer in Alameda County Superior Court against Defendant (the "State Court action"). (*See* Notice of Removal.) Defendant removed the State Court action on the basis that jurisdiction is premised upon a federal question. (*See* Notice of Removal.) "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441.

However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. 1, 27-28 (1983).

The State Court action is an unlawful detainer action and, thus, federal law does not create the cause of action. Moreover, the Court concludes that the claim will not necessarily depend upon the resolution of a substantial question of federal law, because Plaintiff need not prove compliance with the federal law relied upon by Defendants to establish its claim. *See, e.g., Grable & Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005).

Furthermore, a court cannot exercise removal jurisdiction on the ground that the complaint gives rise to a potential or an anticipated *defense* that might raise a federal question, even if the defense is the only question truly at issue in the case. *Franchise Tax Board*, 463 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-

2

emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original). Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter and must remand to the state court. *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).

Accordingly, the Court ADOPTS the Report and Recommendation, DENIES Defendant's application to proceed *in forma pauperis*, and REMANDS this case to Superior Court of the State of California for the County of Alameda. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: November 14, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DE SILVA, | Case Number: CV12-04927 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| MICHAEL HAAS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 14, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Haas
1437 Leimert Boulevard, Unit C
Oakland, CA 94602

Dated: November 14, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk